IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CORNELL PHILLIPS and KELVIN D. DOSS**          **PLAINTIFFS**

VS.                    CIVIL ACTON NO.   ___3:17-cv-00682

**NISSAN NORTH AMERICA Inc, and/or**          **DEFENDANTS**
**NISSAN NORTH AMERICA,**
**MARTIN BAKER, individually and in his official capacity as a**
**manager of Nissan North America Inc. BRAD FORTNEY,**
**individually and  in his official capacity as a manager of Nissan**
**North America Inc.**

### (AMENDED)COMPLAINT

**(Jury Trial Demanded)**

Cornell Phillips, herein after "Phillips" and Kelvin D. Doss, herein after "Doss",  Plaintiffs, by and through their attorney of record, hereby files this amended Complaint against the Defendants, and in support thereof would show unto the Court, the following to-wit:

### JURISDICTION AND VENUE

1. The defendants in this action deprived Cornell Phillips and Kelvin D. Doss of various constitutional rights including but not limited to the deprivation of their right to Equal Protection to be free from race discrimination and retaliation in the work place at Nissan North America, Canton, Mississippi facility.  This lawsuit is authorized and instituted

pursuant to 42 U.S.C.§ 2000E (a)(1)(2), (c)(1)(2) et seq., and 42 U.S.C.§ 1981 Equal Rights under the Law, and 42 U.S.C.§ 706 Title VII of the Civil Rights Act of 1964.

2. The State Claims of Negligent Hiring, Negligent Firing, Misrepresentation, are state Tort Claims brought under this Court Supplemental Jurisdiction pursuant to 28 U.S.C.§ 1367. Additionally, pursuant to Federal Rules of Civil Procedure 19(1)(B)(i)(ii) Required Joinder of Parties and Federal Rules of Civil Procedure 20(a)(1)(A)(B) Permissive Joinder of Parties Plaintiffs institute this proceeding jointly contending that both Plaintiffs have the same occurrence of events against the defendants respectively.

3. Jurisdiction of the Court is invoked pursuant to 28 U.S.C.§ 1331. Plaintiffs seek declaratory relief pursuant to 28 U.S.C.§ 2202. Moreover, this Court has Supplemental Jurisdiction over the state claims pursuant to 28 U.S.C.§ 1367.

4. Venue is proper pursuant to 28 U.S.C.§ 1391(b)(2); stating a substantial part of the events or omissions giving rise to the acts complained of by both Cornell Phillips and Kelvin D. Doss occurred in the Southern District of Mississippi, Northern Division.

## PARTIES TO THE COMPLAINT

5. Plaintiff, Cornell Phillips is an African-American male adult resident citizen of Rankin County, Mississippi.

6. Plaintiff, Kelvin D. Doss is an African-American male adult resident citizen of Madison County, Mississippi.

7. Defendant Nissan North America Inc., commonly referred to as Nissan North America is a

Corporation out of California with its Principal Office address as :One Nissan Way, M.S.A-5-C Franklin, TN 37067. Nissan North America Inc., Registered Agent with the Mississippi Secretary of State is CSC OF RANKIN COUNTY INC. Mirror Lake Plaza; 2829 Lakeland Drive Suite 1502 Flowood, MS 39232.

8. Defendant Martin Baker is a white male adult with residence in Rankin County Mississippi and may be served with process at 116 Bridgepointe Blvd. Brandon, Mississippi 39047.

9. Defendant Brad Fortney is a white male adult with residence in Madison County Mississippi and may be served with process at 105 Camden Place, Madison, Mississippi 39110.

10. John Does 1and 2 are individuals whose indentities are unknown to the Plaintiffs at this time.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. All condition precedent to jurisdiction pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with by the Plaintiff to wit: Appropriate charge of employment discrimination have been filed with the Equal Employment Opportunity Commission, and Notification of Right to Sue were received by the Plaintiffs from the Equal Employment Opportunity Commission on 05/23/2017 for Cornell Phillips and July 28, 2017 for Kelvin D. Doss. See, Exhibit A and B respectively.

12. Plaintiffs filed a timely complaint based on the time limits contained in§ 706 of Title VII of the Civil Rights Act of 1964, as amended.

**STATEMENTS OF FACTS**

13. Plaintiff, Cornell Phillips started his career April 12, 2004 as a Body shop technician, at a pay rate of $13.00 dollars per hour. Plaintiff, Phillips soon afterwards was promoted 6 months later to became a Parts Quality Engineer Technician earning a salary of $35,000 including a raise every year along with the promise of further promotions in the Engineering Department. Moreover, at the relevant time of his employment by Defendants, Plaintiff, Phillips was earning approximately $27.00 dollars per hour and working around 55 hours per week.

14. Early 2015 Defendants Nissan North American Inc. hired, Gavin Bradshaw, a Caucasian male whom upon information and belief was the tennis coach of one of the department managers and had no experience as an engineer nor did Mr. Bradshaw have a college degree in the field of engineering.

15. Later, in the year of 2015, Nissan North America Inc., manger, Martin Baker met with Plaintiff Phillips team and stated " the morale was down in PQE department and Defendants wanted to let the team know that employees could put their opinions, regardless if the opinions were good, bad, or ugly, in a suggestion box, placed by Defendants Nissan and Martin Baker for employees thoughts.

16. As such, Defendants promised Plaintiff Phillips that there will be no repercussions to any remarks by the employees. However, when Plaintiff Phillips placed a remark about the new white friend of Defendants being hired with no experience nor degree in engineering is "why

the morale was low", in the suggestion box, Defendants reneged on their promise and stated to Plaintiff Phillips that his comment, although disguised with fake initials so Plaintiff Phillip's identity could not be readily determined, made the PQE department look bad. Upon information and belief, the box was later removed by Defendants.

17. Afterwards, Plaintiff Phillips, was sent to a meeting with management and was told that Nissan did not like the suggestion regarding the hiring of a white friend of management. Thereby retaliating against Plaintiff Phillips by launching an investigation regarding Plaintiff Phillips writing remarks about the white employee's unfair hiring in the box. Moreover, Plaintiff Phillip was reprimanded for writing " white friends have better chance of advancement than blacks whom were told career elevations into the same position was possible". Upon information and belief, the white non-experienced and non- engineering degree employee, is currently employed with Defendants Nissan North America Inc Canton facility.

18. Soon after the meeting around December 2015, Plaintiff Phillips was sent home without pay for his comment regarding the racial hiring of an unqualified white male over Plaintiff Phillips. As such, Defendants Human Resources representative Nikki Weissman, called Plaintiff Phillips and stated "this is not termination because Martin Baker asked for the suggestion box.", However, Plaintiff contends that Defendants Nissan North America Inc. did nothing to protect Plaintiff's rights after placing the comment in the suggestion box.

19. After being placed on release without pay, for a week, Human Resources called Plaintiff back to work and returned the pay the that was withheld in regards to the suggestion box.

20. Some 8 months later, without any further incident, Plaintiff Phillips was terminated and was accused of allowing a supplier representative onto the plant unauthorized.  However, as it would be factually proven, Plaintiff Phillips was wrongfully accused of this same said allegation because the person representative was an authorized supplier representative of Nissan with a Badge to go as she pleased.

21. Similarly, Marcus Leopard, a white technologist allowed supplier representatives onto the floor, however, Marcus Leopard is still currently working at Defendants Nissan North America the Canton, Mississippi facility.  Moreover, Plaintiffs will show that it is common practice that all the technologist work with the supplier representative. and engineers allowing suppliers on the floor without authorization.

22. Four weeks later, Mr. Phillips was called into a meeting with upper management on a conference call, of which Mr. Phillips recorded Martin Baker saying "you (Plaintiff Phillips) did not do anything wrong and you will be all right".  However, on the contrary, approximately 3 to 4 weeks later, Mr. Phillips was fired.  Upon information and belief, the reasoning was due to allowing the same supplier named Felicia Martin, whom is authorized by badge to move freely throughout the plant as she pleases and at anytime.

23. In keeping with these same discrimination and retaliation practices of Defendants, Nissan North America and/or Nissan North America Inc., Plaintiff Doss was hired by Defendant Nissan

North America Inc on or around September 12, 2012 as a Process Engineer at a pay rate around $58,000 annually and working approximately 60 to 70 hours per week.  Moreover, Plaintiff Doss at his termination, was earning approximately $66,000 per year and working 50 plus hours per week.

24. Further, on or about June 15, 2016 Nissan brought in Brad Fortney, an engineer manager over System 2.   Brad Fortney was manager over a white lead engineer named Brian Davis, to the department that Plaintiff Doss worked.

25. Upon information and belief, Brian Davis, a white male, told Nissan "that if Nissan puts Brad Fortney in management over him, he will walk out that gate".  As a result of the white male threatening to walk off the job, Defendants, within approximately one week, moved the white male Brian Davis to a totally different line, System 1.

26. Similarly,  Plaintiff, Doss, went to Human Resources, on several occasions, seeking to be moved from under the management of Brad Fortney, just as the white co-worker was afforded the opportunity to move. However, Plaintiff Doss, was told by Human Resources Marc Duccett, "he will look into it", but never did move Plaintiff, not even within 3 months as Defendants did the white worker, Brian Davis.

27. As a result of remaining under the management of Brad Fortney, Plaintiff Doss, day in and day out, endured white supremacy rhetoric abuse such as "look at me when I am talking to you, and Don't shake your head when I am talking to you",  and constant threats of stating "if you don't want to work for me, I can make that happen real easily".

28. Soon after, Plaintiff reported this white supremacy rhetoric to Human Resources manager, Marc Doucette, a week later Brad Fortney took Plaintiff to Human Resource and said he wanted to put Plaintiff on PIP, (performance improvement plan). Plaintiff sought to find out why he was being treated differently than white employees and Defendants responded saying they were placing Plaintiffs on a 90 day performance plan to improve his job performance.

29. Prior to reporting the white supremacy rhetoric abuse to Human Resource manager Marc Doucette and being placed on PIP, Plaintiff Doss had never had any reprimands or discussions of ill performance by Brad Fortney nor Human Resources in the nearly five years of being employed by the Defendants Nissan North America Inc.

30. Moreover, after being forced to sign the PIP, Human Resources officer Marc Doucette stated that there will be bi-weekly meetings to discuss the progress of these projects listed on the performance improvement plan (PIP), however, such bi-weekly meetings never happened.

31. Soon after being placed on the performance improvement plan (PIP), Brad Fortney began deliberate retaliatory acts toward Plaintiff by making Plaintiff Doss meet with Brad Fortney exclusively before the usual meeting with no progression discussion nor corrective measures discussion, only to continue his white supremacy conduct with more embarrassment and further humiliation of Plaintiff Doss in front of Plaintiff's co-workers.

32. Once each project on the "PIP" was completed, by Plaintiff Doss, Plaintiff Doss, voluntarily sought the inspection of these same projects by Senior Engineer to determine and

verify that the work was correct, and as a result of correctly performing the projects, Plaintiff Doss then forwarded the verified work to Defendant Nissan North America Inc., manager, Brad Fortney.   33.  However, on or about May 27, 2017 Plaintiff, Doss was terminated by Defendant Nissan North America Inc.,  Human Resources manager, Marc Doucette, and manager Brad Fortney for no viable reason, only to say "after further consideration, we decided to separate ways".

34. Plaintiff Doss, stunned, asked why, but no other reason was provided.

35. Later, Plaintiff Doss, left a voice message to Human Resources Marc Ducett to seek the appeals process for the discriminatory termination, However, Marc Ducett never replied. Plaintiff also reached out to Senior Human Resource agent for Defendants, Carolyn Wright, but she said

"she cannot talk to Plaintiff without legal".

36. At all relevant times to Plaintiff Doss termination, Plaintiff Doss reminded Human Resources, Marc Doucette that Plaintiff Doss was approximately 4 months from being vested with Defendants Nissan and upon information and belief Marc Doucett  was aware at all relevant times to these matters.

37. Plaintiffs contends that Defendants are currently treating white male employees different than blacks for the reasoning of their race.  Plaintiffs contends that in the discovery phase, Plaintiff will exhibit recordings, pictures and text messages that strongly suggest that there is a disparity

in the treatment of black and white employees at Defendants Nissan North America Inc. Canton, Mississippi facility.

## CAUSE OF ACTION
## RACE COUNT I- RACE AND RETALIATION  (42 U.S.C. §1981)and Title VII of the Civil Rights Act of 1964

38. Plaintiff Phillips and Doss repeats and re-alleges paragraphs 1 through 37 of the Complaint as is set out herein full.

39. Defendants Nissan North America and/or Nissan North America Inc. are liable to Plaintiff Phillips and Doss for violating his rights to freely speak to race discrimination without being retaliated upon  Phillips and Doss.

40. At all relevant times to this action, Plaintiff Phillips was told by his manager Martin Baker to submit in a suggestion box at Nissan North America, any comments that could help elevate the moral at the plant. However, Plaintiff Phillips was given (3) days off without pay when he expressed his thoughts as requested by management.  Further, Nissan later returned Plaintiff Phillips pay but left him with the  pain and suffering, embarrassment, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation as a result of the violation of his constitutionally protected and other legal rights.

41. Additionally, when Plaintiff Doss was fired by Defendant's manager Brad Fortney and Human Resource person Marc Ducett for no viable reason.  Also, Defendants intentionally treated white male employees different than blacks for the reasoning of their race. As such Plaintiff Doss was left with pain and suffering, embarrassment, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation as a result of the violation of his constitutionally protected and other legal rights. Moreover, both Plaintiff Phillips and Doss contend that Defendants are liable for violating 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 as provided by Plaintiffs EEOC exhibits and administrative remedies.

42. Similarly, in Washington v. T.G. &Y Stores Co., 324 F. Supp. 849 (W.D. La. 1971) court held that amendment to charge of discrimination filed by employee against employer with the Equal Employment Opportunity Commission need not be facially designated as an amendment, although better practice would be to so label it. Civil Rights Act of 1964§107(a), 42 U.S.C.A.§2000e—5(a).    Similarly, as found in Estes v. Starnes, 97-CA-011411- SCT, (Miss. 1999), the Supreme Court held that injured motorist should have been allowed to amend complaint as neither father nor son would be prejudiced as both were aware of claim with limitation period.

43. **STATE CLAIM OF MISREPRESENTATION**

44. Defendants Nissan North America and/or Nissan North America Inc. are liable to Plaintiff Phillips and Doss for violating their rights of representation by Plaintiff relying

11

upon the representation of the defendants. Therefore, defendants conduct of Misrepresentation was threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for Plaintiff Phillips and Doss dependency on the communication of Defendants and their managers.

45. **<u>NEGLIGENT HIRING AND FIRING</u>**

Defendants Nissan North America and/or Nissan North America Inc. are liable to Plaintiff Phillips for its Negligently Hiring, deliberate Retaliation by Firing Plaintiff Phillips and not supervising Martin Baker from creating a racial and hostile environment between black and white employees. Therefore, defendants conduct of negligent supervising was threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for Plaintiff Phillips to work in a less stressful work environment surrounded by Defendants and their managers.

46. Defendants Nissan North America and/or Nissan North America Inc. are liable to Plaintiff Doss for its Negligently Hiring, deliberate Retaliation by Firing Plaintiff Doss and not supervising Brad Fortney to cease his white supremacy rhetoric,even when Plaintiff told Defendant Nissan North America Inc. Therefore, defendants conduct of negligent supervising and Retaliation was threatening, callous, wanton, willful, malicious, intentional and showed reckless disregard for Plaintiff Phillips to work in a less stressful work environment created by Defendants and their managers.

## DAMAGES

**47.** As a consequence of the foregoing misconduct of the Defendants, Plaintiffs Phillips and Doss sustained intentional infliction of emotional distress, embarrassment, harassment, pain and suffering, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation as a result of the violation of their constitutionally protected and otters legal rights.

1. As a consequence of the foregoing misconduct of the Defendants, Plaintiffs Phillips and Doss have been damaged in an amount exceeding the jurisdictional requirements of this court.

## PRAYER FOR RELIEF

48. Plaintiffs requests that the Court issue the following relief:

a. Award Plaintiffs Phillips and Doss equitable back pay, reinstatement of both Plaintiffs jobs, economic damages for their lost pay, together with compensatory and punitive damages; and

b. Award Plaintiff Phillip and Doss attorney fees, cost and expenses of litigation and jury trial.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Phillips and Doss respectfully prays that upon hearing of this matter by a jury, the Plaintiffs be granted the stated relief in an amount to be determined by the jury.  Plaintiffs further respectfully demands judgment against the Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorney's fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, 13th day of October, 2017.

                                          CORNELL PHILLIPS and KELVIN D. DOSS

BY: **/s/ABBY ROBINSON (MBN. 105157)**
Abby Robinson ESQ. Attorney of Record ABBY
ROBINSON LAW FIRM PLLC.
530 GEORGE STREET SUITE 200
JACKSON, MS 39202
Phone: (601)-321-9343
Fax: (601)487-6326
Email: **abby@askabbylaw.com**
**arobinsonlawfirm@yahoo.com**


WILLIE T. ABSTON, LLC.
1307 Airport Road #1C P.O. BOX 320727 Flowood, MS 39232
Ph: 601-487-8839
Fax: 601-487-8667
Email: willie.abston@abstonlaw.com


Walter J Brand (MSB # 4313)
Robert B. Ireland, III (MSB #100708) WATKINS & EAGER PLLC
P.O. BOX 650
Jackson, Mississippi 39205-0650 601-965-1900 **wbrand@watkinseager.com**
**rireland@watkinseager.com**

**Emily G. Barr**
ebarr@watkinseager.com

14